## Hartford Life and Annuity Ins. Co. v. Marion Rossiter et al.

98    11
a196s 277

1. DEFAULT—*Motions to Set Aside Addressed to the Discretion of the Court.*—A motion to set aside a default is addressed to the judicial discretion of the court, and only for an abuse of such discretion will its action be set aside.

2. SAME—*Practice on Motions to Set Aside.*—Where an unsuccessful party to a motion to set aside a judgment by default desires to take an exception to the action of the court in refusing to vacate the judgment, he should do so and present the same on appeal or error, by a bill of exceptions.

3. BILLS OF EXCEPTION—*Filing of, a Matter of Right.*—Strictly speaking, it is not necessary to obtain leave to file a bill of exceptions, except when the leave required is for time in which to file it.

Motion to Vacate a Judgment by Default.—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

Statement.—The plaintiff in error having been sued in the Circuit Court, summons was served upon it April 4th, in time for the April term of said court. The declaration not having been filed until May 10, 1900, the defendant had until ten o'clock A. M. of Wednesday, the 23d of May, 1900, in which to plead. May 31, 1900, default and judgment was entered. This was not discovered by the defendant

until Saturday, June 2, 1900. The following Monday, June 4th, the defendant served upon plaintiff's attorney notice of a motion to be heard June 5, 1900, to set aside the default and judgment, and for leave to plead. June 12th of the term at which the default and judgment were entered, the motion was brought on for hearing, the plaintiff supporting the same by the affidavits of E. H. Stearns and H. B. Johnston. It appeared from the affidavit of E. H. Stearns that he is the traveling agent of the defendant company, and that on or about April 15, 1900, he was notified by the defendant to take charge of this suit; that on or about the 15th day of April, 1900, he went to the office of the plaintiff's attorney for the purpose of ascertaining the facts in the case, as the papers were at the home office in Hartford, Connecticut; that he had a long conversation with the plaintiff's attorney; that he left agreeing to return with the papers and data in the case. He swears positively that he was led to believe (by the plaintiff's attorney), and did believe that no declaration would be filed and that no action would be taken until his return to Chicago with said papers, and that, relying upon his understanding with the attorney that no action would be taken in said case until his return to Chicago, he notified the firm of Parker & Pain, the attorneys for the defendant company for the State of Illinois, to do nothing in the case until his return to Chicago; that he returned to Chicago on June 2, 1900, having all the papers and data in his possession, and went to the office of the plaintiff's attorney, and learned for the first time that a default and judgment had been entered two days previously, against the defendant.

The affidavit of E. H. Stearns further states that the certificate of insurance declared upon in this case was lapsed and forfeited by said defendant under the terms and conditions of said policy, for the non-payment of quarterly premiums payable to said defendant on the 1st day of June, 1898, and the 1st day of September, 1898; that the defendant gave due notice in writing to F. N. Rossiter, the insured named in said policy, informing him that said premiums

Hartford Life & Annuity Ins. Co. v. Rossiter.

were due and unpaid; and that unless same were paid, said policy would be lapsed and forfeited; that after said policy had been lapsed and forfeited, the defendant gave the insured a further opportunity to be re-instated unconditionally, provided he would pay the premiums then past due; that the insured refused to take advantage of said offer; that a notice in writing to said insured was forwarded to him by a registered letter; the receipt for said registered letter, signed by said insured, is now in the possession of the defendant, ready to be produced in court; that said quarterly premiums were never paid or tendered to the company by the insured, nor by any other person.

The court overruled the motion to set aside the default and judgment; to which action the defendant below excepted and therefrom prayed an appeal, which was allowed; the defendant was also allowed a bill of exceptions in said matter. Two days thereafter the defendant below prayed an appeal from the judgment, which was denied; thereupon the defendant asked leave to file a bill of exceptions "in the matter of the judgment," which was also denied.

Parker & Pain, attorneys for plaintiff in error.

Frederick A. Brown, attorney for defendants in error.

Mr. Justice Waterman delivered the opinion of the court.

A motion to set aside a default and judgment is addressed to the judicial discretion of the court, and only for an abuse of such discretion will its action thereon be set aside. The affidavits filed below in support of such motion failed to show any sufficient excuse for the failure to plead in time. The affiant states that he was "led to believe" and did believe that no declaration would be filed until his return to Chicago. What led him so to believe, whether the good manners and polite conduct of the plaintiff's attorney or otherwise, does not appear. Affiant then says that relying upon his understanding with the attorney that no action would be taken he notified the defendant's attorneys to do nothing until his return to Chicago. Only inferentially is

there a statement that there was an understanding, while there is a complete failure to set forth what the understanding, if any, was.

The affidavits presented by the defendant below not being such as required the court to set aside the default and judgment, it is immaterial that the court admitted upon the motion, counter affidavits. Nor if the defendant below was, after being allowed an appeal from the order refusing to vacate the judgment, entitled to appeal from the judgment itself, did the refusal to allow such appeal work on him any harm. The entire record of the judgment has been brought to this court and therein we find no error; moreover the defendant below took no exception to the action of the court refusing to allow such appeal.

If the defendant below had matter occurring upon the entry of default and taking of judgment which he desired to present by bill of exceptions, he should have presented a bill of exceptions and asked the court to sign it; if it had improperly refused so to do, it could, by writ of mandamus, have been compelled to sign a true and proper bill. The defendant below neither did this nor excepted to the action of the court in refusing leave to file a bill of exceptions. Strictly speaking, it is not necessary to obtain leave to file a bill of exceptions save when the leave required is for time in which to file. The filing is a matter of right. Secs. 42, 60, 61, 62 and 63, Chap. 110, R. S. Defendant below did not ask for time in which to file, nor for time in which to prepare and file. Nor did defendant except to the ruling of the court refusing leave to file.

Finding no error warranting a reversal of the action of the court below, it is affirmed.